IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,344






EX PARTE EUGENE IVORY HENTON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NUMBER F-84-84444-PR IN THE 265TH JUDICIAL DISTRICT
COURT OF DALLAS COUNTY




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Following a plea of guilty, Applicant
was convicted of the felony offense of sexual assault, and punishment was assessed at four
years' imprisonment. No direct appeal was taken.

 Applicant contends that he is actually innocent of the offense, and that he has
evidence of his innocence that was not available at the time of his trial. See Ex parte
Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996). After doing an analysis under Ex
parte Elizondo, the convicting court recommended granting relief. We filed and set the case
to determine whether the Applicant is entitled to relief on his actual innocence claim. We
conclude that he is.

 On September 1, 2005, the trial court entered findings pursuant to Chapter 64 of the
Texas Code of Criminal Procedure, stating that Applicant was excluded as a possible
contributor to the male DNA found in biological samples taken from the victim. The court
further found that it was reasonably probable that Applicant would not have been convicted,
had the results been available before or during trial.

 In this writ, Applicant raises his claim of actual innocence based on newly-discovered
evidence. The trial court finds, and the State concedes, that Applicant has shown by clear
and convincing evidence that no reasonable juror would convict him in light of newly
available evidence of actual innocence presented in the Chapter 64 proceedings. We agree
that Applicant has shown, based on the newly discovered evidence and the entire record
before the Court, no rational trier of fact could find proof of guilt beyond a reasonable doubt. 
Therefore, Applicant is entitled to a new trial.

 Habeas corpus relief is granted. The judgment and sentence in cause number F-84-84444-PR from the 265th Judicial District Court of Dallas County is vacated, and Applicant
is ordered remanded to the custody of the Sheriff of Dallas County so that he may answer the
charges against him.

DELIVERED: February 15, 2006

DO NOT PUBLISH